# KennedyJohnsonGallagher LLC

99 Wall Street | 15th Floor | New York, NY 10005

pgallagher@kjglaw.com
Direct Dial: (212) 248-2230



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/19/07

*[Handwritten note:]* Liaison Counsel for plaintiffs and for defendants, shall state the course of action they recommend for the court to follow, using the format provided by my Individual Rule 2E, said letter to be telefaxed to the Court by noon, September 26, 2007.  9/19/07  /s/ AKHellerstein

September 17, 2007

**BY ELECTRONIC MAIL (wtc_letters@nysd.uscourts.gov)**

Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

RE: *In re September 11 Property Damage and Business Loss Litigation*, 21 MC 97 (AKH)
(*Wilson (Wiswe) v. American Airlines*, 03 Civ. 6968 (AKH))

Dear Judge Hellerstein:

We write on behalf of our client, Leslie E. Robertson & Associates, P.C., and the other Design/Construction Defendants in the above-referenced action, to address a situation that we believe requires clarification, and with respect to which we seek Your Honor's intervention.[1] We have learned that, unlike every other settlement that has been reached thus far in the September 11 Litigation, the plaintiff in the *Wilson* matter has reached a settlement with the Aviation Defendants that excludes the Design/Construction Defendants. We understand that a motion for approval of the settlement with the Aviation Defendants will soon be filed with the Court. Moreover, we understand that the *Wilson* plaintiff has voluntarily dismissed defendant World Trade Center Properties from the case, meaning that, if the Aviation Defendant settlement were approved, the Design/Construction defendants would be the only defendants left in the *Wilson* case, which is, at present, one of the six cases selected for trial on damages.

If the present *Wilson* settlement were approved, we believe that would render the *Wilson* case unrepresentative of the unsettled cases that are proceeding to trial (as to damages only), as the case would proceed only against our clients without the involvement of the primary defendants. Our clients are reserving their right to oppose the anticipated settlement approval motion, and to file cross claims or third party claims against the Aviation Defendants, as may be appropriate. We are requesting at this time that the Court issue an order clarifying that, if a less than global settlement of the *Wilson* case were approved, it would render the *Wilson* matter unrepresentative, and thus cause it to be stricken from the list of six cases designated for trial as to damages.

Furthermore, we believe that a settlement with the primary defendants which excludes our clients is contrary to the spirit in which settlements are to be pursued in this matter, as well as what we

---

[1] For the purposes of this letter, the "Design/Construction Defendants" are Leslie E. Robinson Associates, R.L.L.P. s/h/a Leslie E. Robertson Associates; Magnusson Klemencic Associates (formerly Skilling Ward Magnusson & Barkshire Inc.); Minoru Yamasaki Associates, Inc.; and Tishman Construction Corporation s/h/a Tishman Realty & Construction Co., Inc.

PC Law # 7891

T 212.248.2220 | F 212.248.0170 | www.kjglaw.com

KennedyJohnson Gallagher LLC

Honorable Alvin K. Hellerstein
September 17, 2007
Page 2

understand to be Your Honor's desire, from early on in the settlement process, that settlements were to be global, and include all defendants. As we noted, if the Wilson settlement, as presently configured, were to become final it would become the first instance in which a non-global settlement were approved. We believe this would be prejudicial to our clients, create inefficiencies in the administration of the September 11 litigation, possibly lead to the filing of cross-claims/third party claims and set an unfortunate precedent for the settlement of cases in the future.

We appreciate Your Honor's consideration of this request, and make it while recognizing that this unprecedented situation in the September 11 Litigation may be one that Your Honor wishes to discuss with the parties at a conference.

Respectfully submitted,

Peter J. Gallagher

cc: Keith M. Franz, Esq.
    Azrael Gann + Franz
    101 East Chesapeake Avenue – 5th Floor
    Baltimore, Maryland 21286
    Counsel to Plaintiff Ann Wilson

    Marc Moller, Esq.
    Kreindler & Kreindler
    100 Park Avenue
    New York, New York 10017
    Plaintiff Liaison Counsel

    Desmond Barry, Esq.
    Condon & Forsyth
    7 Times Square
    New York, New York 10036
    Defense Liaison Counsel

    M. Bradford Stein, Esq.
    Flemming Zulack Williamson Zauderer LLP
    One Liberty Plaza, 35th Floor
    New York, NY 10006
    Ground Defendants' Liaison Counsel

PC Law # 7891

KennedyJohnsonGallagher LLC

Honorable Alvin K. Hellerstein
September 17, 2007
Page 3

    James F. Desmond, Jr., Esq.
    Cozen O'Connor
    45 Broadway, 16th Floor
    New York, NY 10006
    Counsel for Tishman Construction Corp.

    Kevin J. McGrath, Esq.
    Gogick, Byrne & O'Neill, LLP
    11 Broadway, Suite 1560
    New York, NY 10004-1314
    Counsel for Minoru Yamasaki Associates

    Marisa Lanza, Esq.
    Milber Makris Plousadis & Seiden, LLP
    3 Barker Avenue, 6th Floor
    White Plains, NY 10601
    Counsel for Skilling Ward Magnusson & Barkshire Inc.
    and Magnusson Klemencic Associates, Inc.