UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

IN RE SEPTEMBER 11 LITIGATION

21 MC 97 (AKH)
21 MC 101 (AKH)

This Document Relates to:
*Ann Wilson v.*
*American Airlines, Inc., et al.*
03 CV 6968 (AKH)

------------------------------------------------------------X

**MEMORANDUM OF AVIATION DEFENDANTS IN SUPPORT OF COURT
APPROVAL OF WILSON SETTLEMENT AND IN OPPOSITION TO
DESIGN/CONSTRUCTION DEFENDANTS' OBJECTIONS TO SETTLEMENT**

CONDON & FORSYTH LLP
7 Times Square
New York, NY 10036
(212) 490-9100
Desmond T. Barry, Jr. (DB 8066)

*Aviation Defendants' Liaison Counsel*

*Of Counsel*:

DEBEVOISE & PLIMPTON LLP
Roger E. Podesta
Jacob W. Stahl

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re September 11 Litig.*, 494 F. Supp. 2d 232, 243 (S.D.N.Y. 2007) ................................5

## STATE CASES

*Anderson v. Rowe*, 425 N.Y.S.2d 180, 73 A.D.2d 1030 (N.Y. App. Div. 1980) ..........................................................................................................................5

*County of Westchester v. Welton Becket Associates*, 478 N.Y.S.2d 305, 102 A.D.2d 34 (2d Dep't 1984), *aff'd on opinion below*, 485 N.E.2d 1029), 66 N.Y.2d 642, 495 N.Y.S.2d 364 (N.Y. 1985) ................................................3

*Gonzalez v. N.Y. City Housing Authority*, 572 N.E.2d 598, 77 N.Y.2d 663, 569 N.Y.S.2d 915 (N.Y. 1991) ..............................................................................5

*Scala v. Am. Laundry Machine Co.*, 223 N.Y.S.2d 875, 876 (N.Y. Sup. Ct. 1962) .....................................................................................................................3

## DOCKETED CASES

*Sabater v. Lead Industrial Association*, No. 00 Civ. 8026 (LLM), 2001 WL 1111505 (S.D.N.Y. Sept. 21, 2001) .................................................................4

*Wilson v. American Airlines, Inc.*, No. 03 Civ. 6968 (AKH), *Order for Hr'g to Consider Settlement*, Doc. No. 1218 (S.D.N.Y. filed Oct. 9, 2007) .........................................................................................................2, 3, 5

## STATUTES

New York General Obligations Law §15-108 ..................................................................2, 4

Air Transportation Safety and Systems Stabilization Act, Pub. L. No. 107-42, 115 Stat. 230 (2001) .................................................................................................6

Pursuant to the Court's Order for Hearing to Consider Settlement dated October 9, 2007 ("Order"), the Aviation Defendants[1] submit this Memorandum in support of the settlement agreement between the Aviation Defendants and Ann Wilson ("Plaintiff") in *Wilson v. American Airlines* ("*Wilson* settlement") and in opposition to the Design/Construction Defendants' objections to the *Wilson* settlement.

The Design/Construction Defendants offer two objections to the settlement. First, they complain that it is inconsistent with the "spirit" of prior settlements in this litigation since it did not provide for release of the Design/Construction Defendants. Second, and consequently, they reserve the right to assert third-party claims against the settling defendants. Neither objection has any merit.

The Design/Construction Defendants also suggest that if the settlement is approved, the *Wilson* case no longer should be appropriate for an early damages-only trial. That issue is a matter for the Court and the unsettled parties to resolve, and the Aviation Defendants take no position on that issue.

1. **Scope of the Release.**

As to their first objection, the Design/Construction Defendants have no legal basis to complain of not being included in the release in favor of the settling defendants. Plaintiff refused to release the Design/Construction Defendants when settling with the

---

[1] The following Aviation Defendants join in this motion: American Airlines, Inc.; AMR Corporation; Burns International Services Corporation ("BISSC"); Colgan Air, Inc.; Colgan Air, Inc., d/b/a US Airways Express; Delta Airlines, Inc.; Globe Aviation Services, Inc.; Huntleigh USA Corp.; ICTS International NV; Massachusetts Port Authority; Pinkerton's Inc.; Port Authority of New York and New Jersey; Securitas AB; The Boeing Company; US Airways, Inc.; US Airways Group d/b/a US Airways Express; US Airways Shuttle, Inc..

1

Aviation Defendants. The Aviation Defendants were entirely free, in their sole judgment, to settle separately with Plaintiff; they have negotiated a settlement for themselves and are paying the entire settlement consideration. The Design/Construction Defendants, having provided no part of the settlement consideration, have no right to insist on their inclusion in the release.

Nor are the Design/Construction Defendants prejudiced by their exclusion from the settlement. It is common in multiparty tort litigation for one or more defendants to settle before other defendants. New York General Obligations Law ("GOL") § 15-108(a) encourages partial settlements and protects non-settling defendants by providing for a setoff against any resulting judgment of the greater of (i) the amount paid by the settling defendant or (ii) the amount of the settling defendant's apportioned share of the fault. As to the suggestion in their letter that the settlement will require the Design/Construction Defendants to prove up at trial the liability shares of the absent Aviation Defendants, that situation happens all the time and is expressly contemplated by GOL § 15-108.

2.   **Reservation of Third-Party Claims.**

Any third party-claims by the Design/Construction Defendants against the Aviation Defendants are barred by GOL § 15-108 and New York law. As this Court noted in its Order, defendants who settle in good faith are protected from contribution claims by GOL § 15-108. *Wilson v. American Airlines, Inc.*, No. 03 Civ. 6968 (AKH), *Order for Hr'g to Consider Settlement,* at ¶ 3, Doc. No. 1218 (S.D.N.Y. filed October 9, 2007) ("§ 15-108 releases the settling defendants from any claimed contribution from non-settling defendants should the settlement be approved."). Thus, if the Court

2

approves the settlement, the Design/Construction Defendants will be barred as a matter of law from seeking contribution from the Aviation Defendants.

Nor is there any basis for indemnification claims by the non-settling defendants. As this Court notes in its October 9, 2007 Order, common law indemnity is unavailable to actively negligent defendants. *Order for Hr'g to Consider Settlement* at n.2; *see, e.g., Scala v. Am. Laundry Mach. Co.*, 223 N.Y.S.2d 875, 876 (N.Y. Sup. Ct. 1962) ("[A]n actively negligent tort feasor is not entitled to indemnity."); *County of Westchester v. Welton Becket Assocs.*, 478 N.Y.S.2d 305, 314, 102 A.D.2d 34, 47 (2d Dep't 1984), *aff'd on opinion below*, 485 N.E.2d 1029, 66 N.Y.2d 642, 495 N.Y.S.2d 364 (N.Y. 1985). Plaintiff clearly accuses the Design/Construction Defendants of active negligence. According to the Complaint, the collapse of One World Trade Center and decedent's death were "caused, in whole or in part, by the negligence, recklessness or carelessness of the Building Defendants . . . who breached their duties of care to the plaintiff's decedent, violated applicable rules and regulations; and created unreasonable dangers in One World Trade center in that the Building Defendants negligently, recklessly and/or carelessly" engaged in a variety of activities that resulted in One World Trade Center being unsafe. Complaint ¶ 219. Thus, if Plaintiff's allegations were proven at trial, the Design/Construction Defendants would not be entitled to common law indemnification from the Aviation Defendants.[2]

---

[2] Of course, if Plaintiff's allegations go unproven, there would be no liability to indemnify.

3

Contractual indemnity is also unavailable to the Design/Construction Defendants as a matter of law because they do not claim to have entered into any pertinent contracts with the Aviation Defendants.

### 3. Good Faith Settlement.

GOL § 15-108 extends protections against contribution claims only if the settlement is made in good faith. *See, e.g., Sabater v. Lead Indus. Ass'n,* No. 00 Civ. 8026 (LMM), 2001 WL 1111505, at *3 (S.D.N.Y. Sept. 21, 2001). However, the standard for good faith is not high. To show that a settling party did *not* act in good faith, the non-settling party must demonstrate "not merely . . . [that] the amount of the settlement was low but that the wrongdoer was released 'for a small amount in return for the promise of that wrongdoer to cooperate improperly with the injured person in an attempt to extract from the remaining wrongdoers more than the equitable share of damages attributable to them.'" *Id.*

No such showing can be made here. As confirmed by the Declaration of Desmond T. Barry, Jr. ("Barry Decl."), the *Wilson* settlement was negotiated at arms length by counsel with extensive experience in wrongful death litigation, after damages discovery had been conducted. ¶ 3(d). Moreover, the *Wilson* settlement was reached with the assistance of Sheila L. Birnbaum, the highly respected mediator appointed by this Court. *Id.,* ¶ 3(c).

Furthermore, the settlement negotiations took careful account of the individual circumstances of the *Wilson* case. First, Plaintiff's recovery for pecuniary loss, which the New York Court of Appeals has termed the "essence of the [wrongful death] cause of

4

action" (*Gonzalez v. N.Y. City Housing Auth.*, 572 N.E.2d 598, 601, 77 N.Y.2d 663, 668, 569 N.Y.S.2d 915, 918 (N.Y. 1991)),[3] would have been minimal at best. Under New York law, pecuniary damages are available only where "reasonable expectation of future assistance or support by the decedent was frustrated by the decedent's death." *Id.* In this case, decedent was single, had no dependents, had an annual income in the area of $50,000, faced the expenses of living in New York City, and had no history of providing substantial financial support to her surviving relatives. *See* Pl. Victor M. Turcios' Answers to Defs. Am. Airlines Inc. and AMR Corp. Interrogs., dated July 18, 2007 ("Answer to Interrogatories"), Answer Nos. 5, 6, 11, attached as Barry Decl. Ex. 1; Pl. Victor M. Turcios' Answers to Defs., American Airlines, Inc. and AMR Corporation, Supplemental Interrogs. and Req. for Produc. of Docs., dated July 19, 2007, at Answer No. 2, attached as Ex. 2 to Barry Decl. Second, Plaintiff is barred by New York law from recovering for grief, loss of society, or loss of consortium. *Gonzalez*, 77 N.Y.2d at 667. Third, Plaintiff's recovery for decedent's pain and suffering, if any, would have been quite limited, because decedent worked in One World Trade Center in the north tower on the 94th floor (*Order for Hr'g to Consider Settlement* at ¶ 2) and Plaintiff has not produced any evidence that the decedent survived the impact of American Airlines Flight 11 at the floor where she was located. *See, e.g., Anderson v. Rowe*, 425 N.Y.S.2d 180, 73 A.D.2d 1030, 1031 (N.Y. App. Div. 1980) (affirming dismissal of survival claim

---

[3] New York law governed Plaintiff's wrongful death action because the decedent was domiciled in New York. *See In re September 11 Litig.*, 494 F. Supp. 2d 232, 243 (S.D.N.Y. 2007) (law governing compensatory damages is based upon plaintiff's domicile); Answer to Interrogatories at Nos. 3 and 4, attached as Ex. 1 to Barry Decl.

because decedents died instantaneously upon impact); Answer to Interrogatories at Nos. 15(a) and (b), attached as Exhibit 1 to Barry Decl. As the Court can determine by comparing the *Wilson* settlement to those it has reviewed previously, the *Wilson* settlement is consistent with other settlements for single, non-dependency cases governed by New York law that have been approved by this Court.[4]

Because of the limitation on the Aviation Defendants' liability set forth in the Air Transportation Safety and Systems Stabilization Act ("ATSSSA"), Pub. L. No. 107-42, 115 Stat. 230 (2001), this Court also reviews settlements to determine if they are excessive and could prejudice the ability of non-settling Property/Business Loss plaintiffs and property cross-claim plaintiffs to obtain recovery from the available insurance limits. However, that concern certainly is not present in this case. First, the Design/Construction Defendants are neither Property/Business Loss Plaintiffs nor property cross-claim plaintiffs; they are ground defendants only and have asserted no independent, non-derivative claims. Second, as noted above, the *Wilson* settlement is consistent with those settlements that the Aviation Defendants have reached with other similarly situated plaintiffs. Moreover, the Aviation Defendants, represented by experienced counsel, had no incentive to settle the case for more than it is worth, especially since they believe that they are not at fault and have strong defenses to the liability claims of all plaintiffs.

---

[4] Pursuant to the October 9, 2007 Order, the amount of the *Wilson* settlement has been submitted separately to the Court and to the Design/Construction Defendants.

6

## Conclusion

For the reasons set forth above, this Court should approve the *Wilson* settlement and should reject the Design/Construction Defendants' objections to the settlement.

Dated:  New York, New York
        October 16, 2007

           Respectfully submitted,

           CONDON & FORSYTH LLP

           By: _____
               Desmond T. Barry, Jr., Esq. (DB 8066)
           7 Times Square
           New York, New York 10036
           (212) 894-6700

               -and-

           DEBEVOISE & PLIMPTON LLP

           By: _____
               Roger E. Podesta, Esq. (RP 1749)
               Jacob W. Stahl, Esq. (JS 6048)
           919 Third Avenue
           New York, New York 10022
           (212) 909-6000

           Attorneys for Defendants American
           Airlines, Inc. and AMR Corp.