UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – X

IN RE SEPTEMBER 11 LITIGATION

21 MC 97 (AKH)
21 MC 101 (AKH)

This Document Relates to:
*Ann Wilson v.*
*American Airlines, Inc., et al.*
03 CV 6968 (AKH)

– – – – – – – – – – – – – – – – – – – – – – – – – X

## DECLARATION OF DESMOND T. BARRY, JR.

I, DESMOND T. BARRY, JR., hereby declare as follows:

1.    I am an attorney admitted to practice before this Court and a partner in the law firm of Condon and Forsyth LLP, counsel for defendants American Airlines, Inc. and AMR Corporation.  I also serve as Liaison Counsel for the Aviation Defendants in these proceedings.

2.    I submit this declaration in support of Court approval of the *Wilson* settlement and in opposition to the Design/Construction Defendants' Objections to that settlement.

3.    The Design/Construction Defendants appear to challenge the good faith and fairness of the *Wilson* settlement.  I participated in the negotiations culminating in

that settlement and can state unequivocally that the settlement is fair, reasonable and in good faith:

a.    I negotiated this settlement with three partners at Azrael Gann & Franz, counsel for Plaintiff Ann Wilson.  To the best of my knowledge, plaintiff's counsel have decades of experience litigating wrongful death cases.

b.    The negotiations that led to the settlement were conducted at arm's length, with counsel for both sides vigorously representing the best interests of their clients.  As explained in the Aviation Defendants' accompanying Memorandum, these negotiations took careful account of the individual circumstances of this case.

c.    The *Wilson* settlement also was reached with the assistance of Sheila L. Birnbaum, a highly respected mediator appointed by this Court.

d.    The *Wilson* settlement was negotiated only after extensive damages discovery had been completed.

e.   The *Wilson* settlement amount is fully consistent with settlements paid by the Aviation Defendants in similarly situated single non-dependency in cases governed by New York law.

4.   In support of this declaration, I attach the following exhibits:

| No. | Exhibit |
|---|---|
| 1. | Plaintiff Victor M. Turcios' Answers to Defendants, American Airlines, Inc. and AMR Corporation, Interrogatories, dated July 18, 2007. |
| 2. | Plaintiff Victor M. Turcios' Answers to Defendants, American Airlines, Inc. and AMR Corporation, Supplemental Interrogatories and Request for Production of Documents, dated July 19, 2007. |
| 3. | Letter from Keith S. Franz, of Azrael, Gann & Franz LLP, dated August 9, 2007 (filed under seal). |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
        October 16, 2007

_____
Desmond T. Barry, Jr.

3

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                          :       **No. 21 MC 97(AKH)**
                                            :       **No. 21 MC 101 (AKH)**
                                            :

**IN RE SEPTEMBER 11 LITIGATION**      :       **This document relates to:**
                                            :       *Wilson v. American Airlines*
                                            :       *Inc., et al*
                                            :       **03 CV 6968 (AKH)**


-----------------------------------------------------------x


### PLAINTIFF VICTOR M. TURCIOS' ANSWERS TO DEFENDANTS, AMERICAN AIRLINES, INC. AND AMR CORPORATION, INTERROGATORIES

      Plaintiff Victor M. Turcios by and through his attorneys Keith S. Franz, Judson H. Lipowitz, Jonathan A. Azrael and Azrael, Gann & Franz, LLP hereby responds and objects to the Interrogatories propounded by Defendants as follows:

### GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

1. Victor M. Turcios hereby reserves all objections as to the admissibility of his responses into evidence at the trial of this action or in any other proceeding. These responses are made without waiver of, and subject to:

      a.    The right to object to the use of any such response, or the subject matter thereof, on any grounds in any further proceedings in this action (including the trial of this action) and in any other action; and

      b.    The right to object on any grounds at any time to a demand or request for further response to these or any other requests or other

discovery proceedings involving or relating to the subject matter of the requests herein responded to.

2. These responses contain the best information presently available to Victor M. Turcios including his present state of recollection, and are given subject to such refreshing or recollection and such additional knowledge of facts as may result from either the conclusion or discovery or further fact investigation by him or others.

3. These responses are limited to knowledge or information possessed by Victor M. Turcios and do not purport to reflect knowledge or information possessed by or available to any other person, entity, or party. In the event that discovery and other pre-trial preparation develops further information with respect to these discovery requests, despite the reasonable and diligent inquiry already conducted, Victor M. Turcios hereby reserves the right to supplement, clarify, revise or correct any or all of these answers.

4. These responses and objections are not a waiver of Victor M. Turcios' rights to rely on other facts or documents at trial.

5. Victor M. Turcios objects to the Interrogatories to the extent they seek information and encompass documents that are a matter of public record and which are obtainable from other sources.

6. Victor M. Turcios objects to the production of any information which is subject of the attorney/client privilege or which constitutes attorney's work product or material prepared in anticipation of litigation.

7.  In the event that documents and/or information are withheld as privileged, the information specified in Rule 26.2 of the Local Rules of the Southern District of New York will be provided, and Plaintiff objects to the Requests to the extent they purport to require Plaintiff to provide information beyond that required under Local Rule 26.2.

8.  Victor M. Turcios incorporates each of the foregoing general objections in his responses to each of the Interrogatories.

### SPECIFIC OBJECTIONS AND RESPONSES

Subject to and without waiver of the foregoing General Objections, Victor M. Turcios responds as follows:

**INTERROGATORY NO. 1**:    State your full name, age, place of birth, and relationship to the decedent, Sigrid C. Wiswe.  If you have ever been known by another name, state each other name and the dates you were known by the other name.

**ANSWER NO. 1:**    Victor Manuel Turcios, brother-in-law of Sigrid Wiswe, has been appointed as the successor Personal Representative of the Estate of Sigrid C. Wiswe.  I am 50 years old and was born in in Tegucigalpa, Honduras.

**INTERROGATORY NO. 2:**    State your present residential address and the period during which you have resided at that address.

**ANSWER NO. 2:**    I have resided at 1773  Morgan Lane, Collegeville, Pennsylvania 19426 since 1998.

**INTERROGATORY NO. 3:**    State the decedent's full name, date of birth, place of birth, social security number and residential address at the time of death.

**ANSWER NO. 3:**    Sigrid Charlotte Wiswe, Date of Birth: October 29, 1959, born in Frankfurt, Germany, Social Security Number: 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, resided at 464 West 23rd Street, Apt. 4F, New York, NY 10011.

**INTERROGATORY NO. 4:**    Identify all of the decedent's residences during the ten (10) years prior to death, and include the period of residence at each such address.

**ANSWER NO. 4:**    Sigrid resided at 454 West 23rd Street, Apt 4F, New York, New York 10011 from 1993 until the time of her death.  Prior to 1993, Sigrid resided at 210 W. Byron Place, Apt. 335, King of Prussia, PA 19406.

**INTERROGATORY NO. 5:**    If the decedent was married at the time of her death, state the name of her spouse and the date and place of her marriage.

**ANSWER NO. 5:**    N/A

**INTERROGATORY NO. 6:**    State the names, dates of birth and addresses of any children of the decedent and include the name of the father of each child.

**ANSWER NO. 6:**    N/A

**INTERROGATORY NO. 7:**    Identify all persons residing with the decedent at the time of death and for each person, state:

(a)    the person's present address;

(b)    the person's relationship to the decedent; and

(c)    the person's date and place of birth.

**ANSWER NO. 7:**    None other than Sigrid's niece, my daughter, Katharina (born January 27, 1993 in Norristown, PA) who resided with her during her many trips to New York to spend time with her favorite Aunt.

**INTERROGATORY NO. 8:**        For the ten (10) years prior to her death,

state:

     (a)      the occupation of the decedent;

     (b)      the name and address of each employer and the period of employment;

     (c)      each period of self-employment, including the name and address of her

              business;

     (d)      the weekly salary or income for each employer for each year of

              employment; and

     (e)      the name of the decedent's immediate supervisor at each place of

              employment.

**ANSWER NO. 8:**        Sigrid was employed as a Manager at American Express

Corporate Services located in 1 World Trade Center from 1994 through the time of her

death.  She earned approximately $50,000.00 per year plus bonuses.  Her immediate

supervisor was Bob Benack.  Prior to 1994, Sigrid was employed at Rosenbluth

International, now owned by American Express, in Dallas, Texas and then in

Philadelphia, Pennsylvania and Linton, North Dakota before ending her employment

while with them in New York, New York.  Sigrid left her employment at Rosenbluth

International to take her position at American Express in New York, New York.

**INTERROGATORY NO. 9:**        If you are making a claim for lost income,

state:

     (a)      the total amount of lost income claimed;

     (b)      the amount of pension and/or retirement income the decedent was

              receiving at the time of her death;

(c)    the amount of pension and/or retirement income still being paid to any

beneficiary of the decedent; and

(d)    the name and address of every expert relied upon for the calculation of any

claim for lost income.

**ANSWER NO. 9:**    N/A

**INTERROGATORY NO. 10:**    State the approximate percentage of the

decedent's annual income which she allotted to her own needs and comforts in the five

(5) years immediately prior to his death.

**ANSWER NO. 10:**    I do not know. I am aware that Sigrid accumulated a

savings/retirement plan through American Express which had a balance of $43,339.71 at

the time of her death.

**INTERROGATORY NO. 11:**    State the name, age, relationship to the

decedent and present address of anyone who was financially dependent on the decedent

for support at the time of the decedent's death and the five (5) preceding years.

**ANSWER NO. 11:**    None.

**INTERROGATORY NO. 12:**    State the financial amounts that the decedent

contributed to anyone dependent on her for support, or the financial payments the

decedent made on behalf of anyone dependent on her for support from September 11,

1996 through September 11, 2001, including a description of what the financial

contributions or payments were used to fund.

**ANSWER NO. 12:**    Sigrid contributed generously to her mother and sister for

their trips to see her in New York and for regular trips they each took to Germany.  I

estimate that Sigrid's contribution on an annual basis was $5,000.00 since 1996.

**INTERROGATORY NO. 13:** If you are making a claim for lost inheritance, state:

      (a)    each person for whom you seek these damages;

      (b)    the amount of damages claimed;

      (c)    the method by which such amount was calculated;

      (d)    each expert relied upon for the calculation for each element of damages; and

      (e)    a full description of the basis for the claim.

**ANSWER NO. 13:**   Birgit Wiswe, beneficiary of Sigrid's savings/retirement account is making a claim for lost inheritance, the calculation of which will be supplemented following completion of discovery of fact and expert witnesses.

**INTERROGATORY NO. 14:**   If you are seeking damages in this action for loss of the decedent's services, comfort, care, nurturing, guidance or assistance, state:

      (a)    each person for whom you seek these damages;

      (b)    the amount of damages claimed for each element;

      (c)    the method by which such amount was calculated;

      (d)    the name and address of every expert relied upon for the calculation of each element; and

      (e)    a full description of the basis for the claim.

      (f)    the manner and the frequency each person for whom you seek these damages communicated with the decedent each week between September 11, 1996 and September 11, 2001.

**ANSWER NO. 14:**    Ute Bongers and Birgit Wiswe seek damages for Sigrid's loss of services, comfort, care, nurturing, guidance and assistance, the calculation of which will be supplemented following completion of discovery of fact and expert witnesses.  Ute and Birgit communicated virtually daily in person, by phone, via email and in writing with Sigrid between September 11, 1996 and the date of her death.

**INTERROGATORY NO. 15:**    If you are seeking damages for the decedent's pre-death pain and suffering, state:

(a)    each person the decedent spoke to, emailed with or communicated with in any manner after American Airlines Flight 11 crashed into 1 World Trade Center on September 11, 2001;

(b)    each person who was either present in 1 World Trade Center between the impact of American Airlines Flight 11 and collapse of 1 World Trade Center who communicated in any manner to any person not inside 1 World Trade Center that the decedent survived the impact of American Airlines Flight 11 or received any communication from any person who was present in 1 World Trade Center between the impact of American Airlines Flight 11 and the collapse of 1 World Trade Center that the decedent survived the impact of American Airlines Flight 11;

(c)    the amount of damages claimed for the decedent's pre-death pain and suffering;

(d)    the method by which said amount was calculated;

(e)    the name and addressed of each expert relied upon for calculating the amount of damages for such a claim; and

(f)    describe in detail all evidence demonstrating that Sigrid C. Wiswe survived the impact of AA Flight 11.

**ANSWER NO. 15:**

(a)    None to my knowledge.

(b)    None to my knowledge.

(c)    The jury will determine this based on all facts and circumstances.

(d)    There is no precise method by which pre-death pain and suffering will be calculated and will be based on all of the evidence presented to the jury.

(e)    Experts will be named following discovery of fact witnesses. I may rely on expert testimony to show that Sigrid survived the impact, the calculation of damages of which will be left to the trier of facts.

(f)    Sigrid's evidence of pre-death pain and suffering will be supplemented following completion of discovery of fact and expert witnesses.

**INTERROGATORY NO. 16:**    For each lawsuit filed based on the death of the decedent, state:

(a)    the full caption of each lawsuit;

(b)    the type and amount of damages sought in each lawsuit;

(c)    the status of each lawsuit, and

(d)    if any case has settled, the amount for which the case settled.

**ANSWER NO. 16:**    I am one of 6,500 family members of those killed and injured in the 9/11 attacks who have filed suit in the case of *Burnett, et al v. Al Baraka, et al.* That suit has not been resolved and no settlement on our behalf has been secured.

Dated:  Baltimore, Maryland
        July 18, 2007

                                    Respectfully submitted,

                                    _____
                                    Jonathan A. Azrael, Esquire
                                    Azrael, Gann & Franz, LLP
                                    101 East Chesapeake Avenue
                                    Fifth Floor
                                    Baltimore, Maryland  21286
                                    (410) 821-6800
                                    (410) 821-1265 (Fax)

To:     Desmond T. Barry, Jr., Esquire, Counsel for Defendants, American Airlines, Inc.
        and AMR Corp.;
        Marc S. Moller – Wrongful Death and Personal Injury Plaintiff' Liaison Counsel;
        Robert A. Clifford – Property Damage and Business Loss Plaintiffs' Liaison
        Counsel;
        Richard Williamson – Ground Defendants' Liaison Counsel;
        Beth Jacob – WTC 7 Ground Defendants' Liaison Counsel;
        Beth Goldman – U.S. Attorneys' Office; and
        Sarah Normand – U.S. Attorneys' Office.

## VERIFICATION

I HEREBY DECLARE AND AFFIRM, under the penalties of perjury that the foregoing Answers to Interrogatories are true and correct to the best of my information, knowledge and belief

_7/18/07_
DATE

_[signature]_
VICTOR M. TURCIOS

# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

IN RE SEPTEMBER 11 LITIGATION

:   No. 21 MC 97(AKH)
:   No. 21 MC 101 (AKH)
:
:   This document relates to:
:   *Wilson v. American Airlines*
:   *Inc., et al*
:   03 CV 6968 (AKH)

-------------------------------------------------------------x

### PLAINTIFF VICTOR M. TURCIOS' ANSWERS TO DEFENDANTS, AMERICAN AIRLINES, INC. AND AMR CORPORATION, SUPPLEMENTAL INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Victor M. Turcios by and through his attorneys Keith S. Franz, Judson H. Lipowitz, Jonathan A. Azrael and Azrael, Gann & Franz,  LLP hereby responds and objects to the Supplemental Interrogatories and Request for Production of Documents propounded by Defendants as follows:

### GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

1. Victor M. Turcios hereby reserves all objections as to the admissibility of his responses into evidence at the trial of this action or in any other proceeding. These responses are made without waiver of, and subject to:

    a. The right to object to the use of any such response, or the subject matter thereof, on any grounds in any further proceedings in this action (including the trial of this action) and in any other action; and

b.   The right to object on any grounds at any time to a demand or request for further response to these or any other requests or other discovery proceedings involving or relating to the subject matter of the requests herein responded to.

2.   These responses contain the best information presently available to Victor M. Turcios including his present state of recollection, and are given subject to such refreshing or recollection and such additional knowledge of facts as may result from either the conclusion or discovery or further fact investigation by him or others.

3.   These responses are limited to knowledge or information possessed by Victor M. Turcios and do not purport to reflect knowledge or information possessed by or available to any other person, entity, or party.  In the event that discovery and other pre-trial preparation develops further information with respect to these discovery requests, despite the reasonable and diligent inquiry already conducted, Victor M. Turcios hereby reserves the right to supplement, clarify, revise or correct any or all of these answers.

4.   These responses and objections are not a waiver of Victor M. Turcios' rights to rely on other facts or documents at trial.

5.   Victor M. Turcios objects to the Interrogatories to the extent they seek information and encompass documents that are a matter of public record and which are obtainable from other sources.

6.  Victor M. Turcios objects to the production of any information which is subject of the attorney/client privilege or which constitutes attorney's work product or material prepared in anticipation of litigation.

7.  In the event that documents and/or information are withheld as privileged, the information specified in Rule 26.2 of the Local Rules of the Southern District of New York will be provided, and Plaintiff objects to the Requests to the extent they purport to require Plaintiff to provide information beyond that required under Local Rule 26.2.

8.  Victor M. Turcios incorporates each of the foregoing general objections in his responses to each of the Interrogatories.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to and without waiver of the foregoing General Objections, Victor M. Turcios responds as follows:

**INTERROGATORY NO. 1**:    Identify each person whom you expect to call as an expert witness at trial, and state as to each such person.

(a)    his or her name, occupation, and address;

(b)    all opinions to be expressed by that person and the basis and reasons for those opinions;

(c)    the documents, date or other information considered by that person in forming his or her opinions;

(d)    any exhibits to be used as a summary of or support for that person's opinions;

(e)    the qualifications of each such person, including a list of all publications

authored by that person within the preceding ten (10) years;

**ANSWER NO. 1:**    Plaintiff intends to offer expert testimony on the factual

issue of whether Sigrid Wiswe experienced any pain and suffering as a result of the

incident.  As of this date, expert witnesses have not been determined.

**INTERROGATORY NO. 2:**    State each element of damage for which you

seek to recover and for each element state:

(a)    the amount of damages you seek;

(b)    the jurisdiction, case law and/or statute(s) under which such element is

claimed;

(c)    the evidence upon which you intend to rely to prove the element of

damage; and

(d)    the name and address of each witness upon which you intend to rely.

**ANSWER NO. 2:**

(a)    Pre-death pain and suffering as permitted under New York law.  This

amount will be determined by a jury based on the facts and circumstances.

Lost income – Decedent paid approximately $5,000 per year since 1996

and before for trips to New York and Germany for family members.

(b)    New York;

(c)    Sigrid Wiswe suffered pre-death pain and suffering.  Her family members

lost her society, companionship and affection and sustained monetary loss

as described in (a) above.

(d)    Ute Bongers
       351 Carmen Drive
       Collegeville, PA 19426

       Birgit Wiswe
       1773 Morgan Lane
       Collegeville, PA 19426

       Victor Turcios
       1773 Morgan Lane
       Collegeville, PA 19426

Other fact witnesses will be identified through discovery, including Iliana McGinnis (address unknown), Bernie Herran (address unknown) and Arlene Nussbaum (address unknown).

**INTERROGATORY NO. 3:**    Set forth in an itemized fashion, any funeral or burial expenses claimed to have been incurred as a result of decedent's death.

**ANSWER NO. 3:**    Sigrid Wiswe's body has never been recovered and consequently no funeral or burial expense has been incurred. A memorial service for Sigrid was held in which every aspect of expense was donated.

**INTERROGATORY NO. 4:**    State the financial amounts that you contributed to the decedent for support, or the financial payments you made on behalf of the decedent for support from September 11, 1996 through September 11, 2001, including a description of what the financial contributions or payments were used to fund.

**ANSWER NO. 4:**    None.

**INTERROGATORY NO. 5:**    State all losses and expenses which you claim were incurred by you, or by or on behalf of the decedent, as a result of the incident, stating in your answer those losses or expenses which are attributable to loss of earnings, if any.

**ANSWER NO. 5:**    My sister-in-law, Sigrid Wiswe, lost her life as a result of the "incident", along with the benefits that life brings to her, her family and those who knew and loved her.  As of now, no monetary losses or expenses have been incurred.

**INTERROGATORY NO. 6:**    Identify any death benefits, life insurance and/or accident and health insurance policies held by the decedent at the time of her death, and include:

(a)    the name and address of each issuing company;

(b)    the face amount of each policy or benefit;

(c)    the names and addresses of the beneficiaries presented under said policies or benefits;

(d)    whether or not any claims have been presented under said policies or benefits; and

(e)    if any claims have been presented, whether any payments have been made and the amounts thereof.

**ANSWER NO. 6:**

(a)    Metlife, The Hartford;

(b)    $122,000, $305,000;

(c)    Ute Bongers, Ute Bongers;

(d)    Claims have been made; and

(e)    Payment has been made.

In addition, death benefits were paid to Ute Bongers by American Express in the amount of $6,000 and by Travellers Insurance in the amount of $6000.

Additionally, Ute Bongers received $45,454.54 as a 1/11 share of an American

Express insurance policy that paid benefits to all 11 American Express employees killed on 9/11.

**INTERROGATORY NO. 7:**        Identify any benefits or payments received by any of the persons on whose behalf this action is brought as a result of decedent's death and include:

(a)    the name and address of each person or entity providing such payment or benefit;

(b)    the amount of each payment or benefit received or pending;

(c)    the names and addresses of the persons to whom any such payment or benefit was made.

**ANSWER NO. 7:**  The Estate of Sigrid Wiswe received payment from Red Cross consistent with those payments made to all those killed in the 9/11 attacks.

**INTERROGATORY NO. 8:**        If you are making a claim for lost income, state the amount and source of any income initially paid to the decedent that was paid to any beneficiary of the decedent after death.

**ANSWER NO. 8:**    Sigrid's employer provided unpaid compensation to Ute Bongers in the amount of $18,725.84.

**RESONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:**    Complete copy of the curriculum vitae, resume and/or any other documents evidencing the credentials of each expert whom plaintiff intends to call as an expert witness at trial.

**RESPONSE NO. 1:**  Curriculum Vitaes will be supplied.

**REQUEST NO. 2:**    All documents evidencing any claim by plaintiff for pre-death pain and suffering.

**RESPONSE NO. 2:**    None.  This response may be supplemented if documents are obtained during discovery.

**REQUEST NO. 3:**    Authorizations to obtain any financial, medical, psychological, employment and other similar information identified in Plaintiff's Response to Interrogatories.

**RESPONSE NO. 3:**    Authorizations will be supplied to Desmond T. Barry, Jr. provided he agrees: 1) to keep all information confidential; and 2) to supply Plaintiff's counsel with copies of all information received.

**REQUEST NO. 4:**    Copies of any diaries, notes, log books or other recordings made by anyone identified in responses to Interrogatories Nos. 2, 3 and 5 from defendants' First Supplemental Interrogatories and Request for Production of Documents to Plaintiff Ann Wilson.

**RESPONSE NO. 4:**    No such documents or materials are currently in Plaintiff's possession or control.

**REQUEST NO. 5:**    All receipts, reports, bills, statements, documents, or other records relied upon to answer Interrogatories Nos. 10, 11 and 12 in defendants' Interrogatories to Plaintiff Ann Wilson.

**RESPONSE NO. 5:**    All such documents will be supplied.

Dated:  Baltimore, Maryland
        July 19, 2007

                              Respectfully submitted,

                              _____
                              Jonathan A. Azrael, Esquire
                              Azrael, Gann & Franz, LLP
                              101 East Chesapeake Avenue
                              Fifth Floor
                              Baltimore, Maryland  21286
                              (410) 821-6800
                              (410) 821-1265 (Fax)

To:    Desmond T. Barry, Jr., Esquire, Counsel for Defendants, American Airlines, Inc.
       and AMR Corp.;
       Marc S. Moller – Wrongful Death and Personal Injury Plaintiff' Liaison Counsel;
       Robert A. Clifford – Property Damage and Business Loss Plaintiffs' Liaison
       Counsel;
       Richard Williamson – Ground Defendants' Liaison Counsel;
       Beth Jacob – WTC 7 Ground Defendants' Liaison Counsel;
       Beth Goldman – U.S. Attorneys' Office; and
       Sarah Normand – U.S. Attorneys' Office.

## VERIFICATION

I HEREBY DECLARE AND AFFIRM, under the penalties of perjury that the foregoing Answers to Interrogatories are true and correct to the best of my information, knowledge and belief

_7/18/07_
DATE

_Victor Turcios_
VICTOR M. TURCIOS

# Exhibit 3



JONATHAN A. AZRAEL
KEITH S. FRANZ
PAUL J. SCHWAB, III
JUDSON H. LIPOWITZ
SUSAN H. TERLEP
JOHN R. SOLTER, JR.

EDWARD AZRAEL (1907-2001)
H. DAVID GANN (1928-1983)

OF COUNSEL:
DANIEL J. DREGIER, JR., P.C.
LINDA C. CARTIER
MATTHEW H. AZRAEL*
*Also admitted in DC

## AZRAEL GANN+FRANZ
### A T T O R N E Y S   A T   L A W

August 9, 2007

### PRIVATE & CONFIDENTIAL

**VIA EMAIL & FIRST-CLASS MAIL**
Desmond T. Barry, Esquire
Condon & Forsyth, LLP
7 Times Square
New York, New York 10036

Re:     *Wilson v. American* Airlines, et al , 03 CV 6968 (AKH)
            Wiswe claims

Dear Des:

In reference to your correspondence of June 20, 2007 and your email of August 3, 2007, our Wiswe clients agree to settle their claims against the aviation defendants for $2,000,000.00 subject to a release satisfactory to your clients and our clients. This settlement does not apply to the Wiswe clients' claims against the design and construction defendants as you and I have agreed that these claims are being expressly reserved.

Very truly yours,

AZRAEL, GANN & FRANZ, LLP

Keith S. Franz

KSF/meh
F:\USERS\PI Dept\PI Cases\SEPTEMBER 11 CASES\Discovery\Des Barry.LTR.08.09.07.doc

101 EAST CHESAPEAKE AVENUE  FLOOR FIVE
BALTIMORE, MARYLAND 21286
410.821.6800    FAX:410.821.1265
WWW.AGFLAW.COM   EMAIL: CONTACT@AGFLAW.COM