UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
|  | : | 21 MC 97 (AKH) |
|  | : |  |
| IN RE SEPTEMBER 11 LITIGATION | : | This Document Relates to: |
|  | : | 03-CV-6968 |
|  | : | Wilson v. American Airlines, Inc., |
|  | : | et al. |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**NOTICE ADOPTING ANSWER OF DEFENDANTS AMR CORPORATION AND
AMERICAN AIRLINES, INC. TO PLAINTIFFS' FOURTH AMENDED
FLIGHT 11 MASTER LIABILITY COMPLAINT**


PLEASE TAKE NOTICE THAT defendants AMR CORPORATION and
AMERICAN AIRLINES, INC. hereby adopt their Master Answer to Plaintiffs' Fourth Amended
Flight 11 Master Liability Complaint (a copy of which is attached) as their Answer to the
Complaint in the above-captioned action. AMR CORPORATION and AMERICAN AIRLINES,
INC. hereby deny all allegations not specifically and expressly admitted in their Master Answer to
Plaintiffs' Fourth Amended Flight 11 Master Liability Complaint.

WHEREFORE, defendants AMR CORPORATION and AMERICAN AIRLINES,
INC. respectfully request that the Complaint be dismissed, with costs, attorneys' fees,
disbursements, and such other relief as the Court deems just and proper or, if such relief not be

granted, then that their liability be limited or reduced as prayed.

Dated:  New York, New York
        November 13, 2007

                                        CONDON & FORSYTH LLP


                                        By
                                            Desmond T. Barry, Jr. (DB 8066)

                                        7 Times Square
                                        New York, New York 10036
                                        Tel.: (212) 490-9100
                                        Fax: (212) 370-4483

                                               -and-

                                        DEBEVOISE & PLIMPTON LLP
                                        919 Third Avenue
                                        New York, New York 10022
                                        Tel.: (212) 909-6000
                                        Fax: (212) 909-6836


                                        Attorneys for Defendants
                                        AMR CORPORATION
                                        AMERICAN AIRLINES, INC.


TO:     Keith S. Franz, Esq.
        AZRAEL, GANN & FRANZ, LLP
        101 East Chesapeake Ave., 5th Floor
        Baltimore, Maryland 21286
        Tel.: (410) 821-6800

        Kenneth P. Nolan, Esq.
        SPEISER KRAUSE NOLAN & GRANITO
        Two Grand Central Tower
        140 East 45th Street, 34th Floor
        New York, New York 10017
        (212) 661-0011

        Attorneys for Plaintiff
        ANN WILSON

                                         2

PD/BL PLAINTIFFS' LIAISON COUNSEL
PI/WD PLAINTIFFS' LIAISON COUNSEL
GROUND DEFENDANTS' LIAISON COUNSEL
7 WTC GROUND DEFENDANTS' LIAISON COUNSEL
ALL AVIATION DEFENDANTS
U.S. ATTORNEY'S OFFICE

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK        )
                                      ) ss.:

COUNTY OF NEW YORK    )

       Sarah R. Connelly, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in New York, New York, and that on the 13th day of November 2007, deponent served the within NOTICE ADOPTING MASTER ANSWER OF DEFENDANTS AMR CORPORATION AND AMERICAN AIRLINES, INC. TO PLAINTIFFS' FOURTH AMENDED FLIGHT 11 MASTER LIABILITY COMPLAINT and MASTER ANSWER OF DEFENDANTS AMR CORPORATION AND AMERICAN AIRLINES, INC. TO PLAINTIFFS' FOURTH AMENDED FLIGHT 11 MASTER LIABILITY COMPLAINT upon:

1. Keith S. Franz, Esq. – Counsel for Plaintiff Ann Wilson;
2. Kenneth P. Nolan, Esq – Counsel for Plaintiff Ann Wilson;
3. Marc S. Moller, Esq. and Brian J. Alexander, Esq. – Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel;
4. Donald A. Migliori, Esq. – Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel;
5. Robert A. Clifford, Esq. and Timothy S. Tomasik, Esq. – Property Damage and Business Loss Plaintiffs' Liaison Counsel;
6. Richard Williamson, Esq. and M. Bradford Stein, Esq. – Ground Defendants' Liaison Counsel;
7. Beth Jacob, Esq. – WTC 7 Ground Defendants' Liaison Counsel;
8. Beth Goldman, Esq., Sarah S. Normand, Esq. and Jeannette A. Vargas, Esq. – U.S. Attorneys' Office; and
9. All Aviation Defendants

by emailing a copy of the papers to the attorneys in accordance with the Court's March 10, 2005 Order.

                                                  _Sarah R. Connelly_

Sworn to before me this
3rd day of November 2007

_____
    Notary Public

MARIA PAGAN
Notary Public, State of New York
No. 01PA4670337
Qualified in Queens County
Commission Expires 10/31/2011

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                    :

IN RE SEPTEMBER 11 LITIGATION      :        21 MC 97 (AKH)
                    :

                    :       **JURY TRIAL DEMANDED**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MASTER ANSWER OF DEFENDANTS AMR CORPORATION AND AMERICAN AIRLINES, INC. TO PLAINTIFFS' FOURTH AMENDED FLIGHT 11 MASTER LIABILITY COMPLAINT

Defendants AMR Corporation ("AMR") and American Airlines, Inc. ("American"), by and through their attorneys, Condon & Forsyth LLP and Debevoise & Plimpton, answer Plaintiffs' Flight 11 Fourth Amended Master Liability Complaint (the "Complaint") as follows:

### BACKGROUND

1.    AMR and American deny all allegations set forth in the "BACKGROUND" section of the Complaint, except AMR and American do not dispute that plaintiffs' decedents were injured and killed as a result of the deliberate acts of terrorists who seized control of the aircraft and intentionally crashed it into the North Tower of the World Trade Center. AMR and American leave all questions of law to be decided by the Court.

### JURISDICTION AND VENUE

2.    AMR and American deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 1 and 2, except AMR and American do not dispute that Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," creates original and exclusive jurisdiction in the United States District Court for

the Southern District of New York for all actions brought for claims resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001. AMR and American leave all questions of law to be decided by the Court.

        3.      The allegations in paragraphs 3 and 4 are not directed to AMR and American; therefore, AMR and American make no response to them. To the extent those allegations are intended to or can be construed to state a claim against AMR or American, they are denied.

## THE PARTIES

## PLAINTIFFS

        4.      AMR and American deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 5, 6 and 7. AMR and American leave all questions of law to be decided by the Court.

## THE AIRLINE DEFENDANTS

        5.      AMR and American admit the allegations set forth in paragraphs 8, 9 and 13.

        6.      AMR and American deny the allegations set forth in paragraphs 10, 11, 12 and 20, except AMR and American admit that American is a common carrier engaged in the business of transporting passengers by air and operates regularly scheduled flights from Logan Airport and that AMR is the parent corporation of American. AMR and American leave all questions of law to be decided by the Court.

        7.      The allegations in paragraphs 14, 15, 16, 17, 18 and 19 are not directed to AMR and American; therefore, AMR and American make no response to them. To the extent

those allegations are intended to or can be construed to state a claim against AMR or American, they are denied.

### THE NON-CARRYING AIRLINE DEFENDANTS

8.    The allegations in paragraphs 21, 22, 23, 24, 25 and 26 are not directed to AMR and American; therefore, AMR and American make no response to them.  To the extent those allegations are intended to or can be construed to state a claim against AMR or American, they are denied.

### THE SECURITY COMPANY DEFENDANTS

9.    The allegations in paragraphs 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42 and 43 are not directed to AMR and American; therefore, AMR and American make no response to them.  To the extent those allegations are intended to or can be construed against AMR or American, they are denied.

### AIRPORT OPERATOR DEFENDANT

10.    The allegations in paragraph 44 are not directed to AMR and American; therefore, AMR and American make no response to them.  To the extent those allegations are intended to or can be construed to state a claim against AMR or American, they are denied.

### THE BOEING DEFENDANT

11.    The allegations in paragraphs 45, 46 and 47 are not directed at AMR and American; therefore, AMR and American make no response to them.  To the extent those allegations are intended to or can be construed against AMR or American, they are denied.

## THE BUILDING OWNERS

12.    The allegations in paragraphs 48, 49 and 50 are not directed at AMR and American; therefore, AMR and American make no response to them.  To the extent those allegations are intended to or can be construed against AMR or American, they are denied.

## THE BUILDING DEFENDANTS

13.    The allegations in paragraphs 51, 52, 53, 54, 55, 56, 57, 58, 59 and 60 are not directed to AMR and American; therefore, AMR and American make no response to them. To the extent those allegations are intended to or can be construed to state a claim against AMR or American, they are denied.

## GENERAL ALLEGATIONS

14.    AMR and American deny the allegations set forth in paragraphs 61, 62, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 93 and 101, except AMR and American admit that American was authorized by the United States Department of Transportation and the Federal Aviation Administration to operate Flight 11 and that American had a duty to operate Flight 11 in accordance with federal aviation laws and regulations.  AMR and American leave all questions of law to be decided by the Court.

15.    The allegations in paragraphs 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 94, 95, 96, 97, 98, 99 and 100 are not directed to AMR and American; therefore, AMR and American make no response to them.  To the extent those allegations are intended to or can be construed to state a claim against AMR or American, they are denied.

16.    AMR and American deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 86, 88, 89, 90, 91 and 92.  AMR and American leave all questions of law to be decided by the Court.

4

17.    AMR and American admit the allegations set forth in paragraph 87.

## COUNT ONE

**CLAIMS FOR PERSONAL INJURIES, WRONGFUL DEATH AND SURVIVAL DAMAGES, AGAINST THE AIRLINE DEFENDANTS, THE NON-CARRYING AIRLINE DEFENDANTS, THE SECURITY COMPANY DEFENDANTS, AND MASSPORT BASED ON NEGLIGENCE, NEGLIGENCE PER SE, RECKLESS CONDUCT AND CONSCIOUS DISREGARD FOR RIGHTS AND SAFETY**

18.    Answering paragraph 102, AMR and American repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 17 of this Master Answer with the same force and effect as if set forth in full herein.

19.    AMR and American deny the allegations set forth in paragraphs 103, 104, 105, 106, 108, 109 and 110, except AMR and American admit that American was authorized by the United States Department of Transportation and the Federal Aviation Administration to operate Flight 11 and that American had a duty to operate Flight 11 in accordance with federal aviation laws and regulations and AMR and American do not dispute that plaintiffs' decedents were injured and killed as a result of the deliberate acts of terrorists who seized control of the aircraft and intentionally crashed it into the North Tower of the World Trade Center.  AMR and American leave all questions of law to be decided by the Court.

20.    AMR and American deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107.   AMR and American leave all questions of law to be decided by the Court.

5

## COUNT TWO

### CLAIMS FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST THE AIRLINE DEFENDANTS, THE NON-CARRYING AIRLINE DEFENDANTS, AND MASSPORT BASED ON NEGLIGENT SELECTION

21.     Answering paragraph 111, AMR and American repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 20 of this Master Answer with the same force and effect as if set forth in full herein.

22.     AMR and American deny the allegations set forth in paragraphs 112, 113, 114, 115, 116, 118, 119, 120 and 121, except AMR and American admit that American had a duty to operate Flight 11 in accordance with federal aviation laws and regulations and AMR and American do not dispute that plaintiffs' decedents were injured and killed as a result of the deliberate acts of terrorists who seized control of the aircraft and intentionally crashed it into the North Tower of the World Trade Center.  AMR and American leave all questions of law to be decided by the Court.

23.     AMR and American deny the allegations set forth in paragraphs 117, except that AMR and American deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the security system at Portland Jetport set forth in paragraph 117.  AMR and American leave all questions of law to be decided by the Court.

## COUNT THREE

### CLAIMS FOR PERSONAL INJURIES, WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST DEFENDANT BOEING BASED ON STRICT TORT LIABILITY

24.     Answering paragraph 122, AMR and American repeat, reiterate and reallege each, allegation, admission, and denial in paragraphs 1 through 23 of this Master Answer with the same force and effect as if set forth in full herein.

6

25.     The allegations in paragraphs 123, 124, 125, 126 and 127 are not directed to AMR and American; therefore, AMR and American make no response to them.  To the extent those allegations are intended to or can be construed to state a claim against AMR or American, they are denied.

## COUNT FOUR

### CLAIMS FOR PERSONAL INJURIES, WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST DEFENDANT BOEING BASED NEGLIGENT DESIGN

26.     Answering paragraph 128, AMR and American repeat, reiterate and reallege each, allegation, admission, and denial in paragraphs 1 through 25 of this Master Answer with the same force and effect as if set forth in full herein.

27.     The allegations in paragraphs 129, 130, 131, 132, 133 and 134 are not directed to AMR and American; therefore, AMR and American make no response to them.  To the extent those allegations are intended to or can be construed to state a claim against AMR or American, they are denied.

## COUNT FIVE

### CLAIMS FOR PERSONAL INJURIES, WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST DEFENDANT BOEING BASED ON BREACH OF WARRANTY

28.     Answering paragraph 135, AMR and American repeat, reiterate and reallege each, allegation, admission, and denial in paragraphs 1 through 27 of this Master Answer with the same force and effect as if set forth in full herein.

29.     The allegations in paragraphs 136, 137, 138 and 139 are not directed to AMR and American; therefore, AMR and American make no response to them.  To the extent

7

those allegations are intended to or can be construed to state a claim against AMR or American, they are denied.

## COUNT SIX

### CLAIMS FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AND PERSONAL INJURIES ON BEHALF OF THE TOWER PLAINTIFFS AGAINST THE PORT AUTHORITY AND THE BUILDING DEFENDANTS BASED ON NEGLIGENCE

30.    Answering paragraph 140, AMR and American repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 29 of this Master Answer with the same force and effect as if set forth in full herein.

31.    The allegations in paragraphs 141, 142, 143, 144 and 145 are not directed to AMR and American; therefore, AMR and American make no response to them.  To the extent those allegations are intended to or can be construed to state a claim against AMR or American, they are denied.

## COUNT SEVEN

### CLAIM FOR WRONGFUL DEATH AND SURVIVAL DAMAGES BASED ON RES IPSA LOQUITUR

32.    Answering paragraph 146, AMR and American repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 31 of this Master Answer with the same force and effect as if set forth in full herein.

33.    AMR and American deny the allegations set forth in paragraphs 147 and 148.  AMR and American leave all questions of law to be decided by the Court.

8

## COUNT EIGHT

### CLAIM FOR NEGLIGENT INFLICTION OF
### EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

34.     Answering paragraph 149, AMR and American repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 33 of this Master Answer with the same force and effect as if set forth in full herein.

35.     AMR and American deny the allegations in paragraphs 150, 151, 152, 153, 154, 155 and 156, except that AMR and American admit that American had a duty to operate Flight 11 in accordance with federal aviation laws and regulations.

## COUNT NINE

### CLAIM FOR PUNITIVE DAMAGES
### AGAINST ALL DEFENDANTS

36.     Answering paragraph 157, AMR and American repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 35 of this Master Answer with the same force and effect as if set forth in full herein.

37.     AMR and American deny the allegations in paragraphs 158 and 159.

### FIRST AFFIRMATIVE DEFENSE

38.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

39.     Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," provides an exclusive federal cause of action for all claims arising from the terrorist-related aircraft crashes of September 11, 2001.

9

40.    To the extent plaintiffs' Complaint asserts causes of action other than that provided for by this legislation, those causes of action must be dismissed as a matter of law.

### THIRD AFFIRMATIVE DEFENSE

41.    Plaintiffs' alleged damages were caused by the unforeseeable, intervening, and/or superseding criminal acts of third parties who were not under the care, custody, control, or supervision of AMR or American; therefore, AMR and American cannot be held liable for plaintiffs' alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

42.    The Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 et seq. now recodified and incorporated into 49 U.S.C. §40101 et seq.), and the federal regulations promulgated pursuant thereto, establish the uniform and exclusive standards that air carriers must follow for aviation safety and security and these federal standards preempt State law standards governing flight operations, passenger screening, maintenance, inspection, flight crew training and in-flight security procedures which plaintiffs allege that AMR and American violated.

43.    AMR's and American's compliance with these federal standards preclude a finding of liability against them.

### FIFTH AFFIRMATIVE DEFENSE

44.    Any of plaintiffs' claims that relate to rates, routes, and services provided by AMR or American are expressly preempted by 49 U.S.C. §41713.

### SIXTH AFFIRMATIVE DEFENSE

45.    The alleged damages complained of were caused by the negligence or intentional misconduct of parties other than AMR and American and for whom AMR and

American are not responsible; therefore, AMR and American are not liable to plaintiffs or, in the alternative, AMR's and American's liability to plaintiffs, if any, should be reduced in accordance with applicable law.

### SEVENTH AFFIRMATIVE DEFENSE

46.    Plaintiffs and/or the decedents' next of kin named as claimants in the Complaint lack capacity and/or standing to maintain this action.

### EIGHTH AFFIRMATIVE DEFENSE

47.    The alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of AMR or American, their agents, or employees.

### NINTH AFFIRMATIVE DEFENSE

48.    AMR and American are not liable to plaintiffs because AMR and American complied with all applicable government regulations in effect at the time of the events described in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

49.    Plaintiffs' claims based on common law or statutory law of the individual States requiring air carriers to implement security procedures that are different from or inconsistent with the obligations imposed by the Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. § 1301 et seq. and now recodified and incorporated as 49 U.S.C. § 40101 et seq.) and the federal regulations promulgated pursuant thereto are barred by Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act."

11

## ELEVENTH AFFIRMATIVE DEFENSE

50.     Plaintiffs' claims based on common law or statutory law of the individual States requiring air carriers to implement security procedures that are different from or inconsistent with the obligations imposed by the Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. § 1301 <u>et</u> <u>seq.</u> and now recodified and incorporated as 49 U.S.C. § 40101 <u>et</u> <u>seq.</u>) and the federal regulations promulgated pursuant thereto are barred since compliance with those state laws would constitute an unconstitutional burden on interstate air commerce.

## TWELFTH AFFIRMATIVE DEFENSE

51.     Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," recovery by plaintiffs, if any, should be reduced by any collateral source payment that has been or will be paid to plaintiffs in accordance with Section 4545(c) of the New York Civil Practice Law and Rules or in accordance with such similar or counterpart principles as may be derived by this Court from New York law.

## THIRTEENTH AFFIRMATIVE DEFENSE

52.     Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," AMR's and American's liability, if any, must be limited in accordance with the provisions of Article 16 of the New York Civil Practice Law and Rules or in accordance with such similar or counterpart principles as may be derived by this Court from New York law.

## FOURTEENTH AFFIRMATIVE DEFENSE

53.     Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," if plaintiffs release or enter into a covenant not to sue or enforce a judgment with any other persons claimed to be liable for plaintiffs' damages, the amount recoverable against AMR and American must reduced in accordance with Section 15-108 of New York's General Obligations Law or in accordance with such similar or counterpart principles as may be derived by this Court from New York law.

## FIFTEENTH AFFIRMATIVE DEFENSE

54.     Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," if a claim on behalf of plaintiffs' decedents has been filed with the "September 11th Victim Compensation Fund of 2001," plaintiffs are barred from filing a civil action to recover damages sustained as a result of the terrorist-related aircraft crashes of September 11, 2001.

## SIXTEENTH AFFIRMATIVE DEFENSE

55.     Since AMR or American were not in actual possession or control of the aircraft at the time of the crash, AMR's and American's liability is limited pursuant to 49 U.S.C.A. § 44112 (2002).

## SEVENTEENTH AFFIRMATIVE DEFENSE

56.     Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation

13

Security Act," limits the amount of damages recoverable from AMR and American to American's liability insurance coverage.

### EIGHTEENTH AFFIRMATIVE DEFENSE

57.    The Complaint and all causes of action therein should be dismissed on the ground that plaintiffs have failed to join all necessary and indispensable parties.

### NINETEENTH AFFIRMATIVE DEFENSE

58.    The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article I, Section 6 of the New York State Constitution because the standards for determining liability for punitive damages and the standards for determining the amount of punitive damages in New York are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious, excessive and disproportionate punishment that serves no legitimate government interest.

### TWENTIETH AFFIRMATIVE DEFENSE

59.    The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article I, Section 6 of the New York State Constitution because New York's post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

60.    The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth

Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article I, Section 6 of the New York State Constitution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

61.     The imposition of punitive damages in this case based upon a theory of respondeat superior without proof that an officer, director or managing agent of AMR or American acted with the requisite state of mind would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article I, Section 6 of the New York State Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

62.     The imposition of joint and several liability for punitive damages in this case would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and of Article I, Section 6 of the New York State Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

63.     The imposition of punitive damages in this case would violate the Excessive Fines Clause of the New York State Constitution.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

64.     The imposition of punitive damages in this case based upon evidence of defendants' wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article I, Section 6 of the New York State Constitution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

65.     The imposition of punitive damages in this case based on the out-of-state conduct, profits and aggregate financial status of defendants would violate the Commerce

Clause, the Equal Protection Clause, and the Privileges and Immunities Clause of the United States Constitution.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

66.    The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to the plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article I, Section 6 of the New York State Constitution.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

67.    The imposition of punitive damages in this case pursuant to New York law to punish defendants for conduct that occurred outside of New York would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article I, Section 6 of the New York State Constitution as well as the Commerce Clause of the United States Constitution.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

68.    Damages, compensatory or punitive, may be barred or limited by applicable state law as may be derived by this Court from New York law, including its choice of law principles.

### THIRTIETH AFFIRMATIVE DEFENSE

69.    Plaintiffs' claims for punitive damages have been dismissed by an order of this Court dated July 3, 2007.  As such, Plaintiffs' claims for punitive damages are barred.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

70.    The Complaint should be dismissed for insufficiency of service of process.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

71.    Plaintiffs' claims are barred by the applicable statute of limitations.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

72.    Plaintiffs' Complaint should be dismissed to the extent that it is based on a right of subrogation, which does not exist under the applicable law.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

73.    AMR and American owed no legal duty to the ground damage plaintiffs.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

74.    Plaintiffs' Complaint must be dismissed to the extent that relevant evidence required by AMR and American to mount their defense is prohibited from disclosure by 14 C.F.R. § 1520 et seq. as Sensitive Security Information.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

75.    Plaintiffs' alleged damages were caused by an act of war.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

76.    Plaintiffs' claims are barred by the state secrets doctrine.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

77.    AMR and American reserve the right to add affirmative defenses as necessary based on information obtained during investigation or discovery.

WHEREFORE, AMR and American demand judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting their liability pursuant to the foregoing, together with costs and disbursements and such other and further relief which this Court deems just and proper under the circumstances.

Dated: November 13, 2007

CONDON & FORSYTH LLP

By_____
Desmond T. Barry, Jr. (DB-8066)

7 Times Square
New York, New York 10036
Tel.: (212) 490-9100
Fax: (212) 370-4483

-and-

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel.: (212) 909-6000
Fax: (212) 909-6836

Attorneys for Defendants
AMR CORPORATION
AMERICAN AIRLINES, INC.

TO:    PLAINTIFFS' LIAISON COUNSEL
       PLAINTIFFS' EXECUTIVE COMMITTEE
       ALL DEFENSE COUNSEL
       U.S. ATTORNEY'S OFFICE

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                             ) ss.:
COUNTY OF NEW YORK     )

        Sarah R. Connelly, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in New York, New York, and that on the 13th day of November 2007, deponent served the within **MASTER ANSWER OF DEFENDANTS AMR CORPORATION AND AMERICAN AIRLINES INC. TO PLAINTIFFS' FOURTH AMENDED FLIGHT 11 MASTER LIABILITY COMPLAINT** upon:

1. Marc S. Moller, Esq. and Brian J. Alexander, Esq. – Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel;
2. Donald A. Migliori, Esq. – Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel;
3. Robert A. Clifford, Esq. and Timothy S. Tomasik, Esq. – Property Damage and Business Loss Plaintiffs' Liaison Counsel;
4. Richard Williamson, Esq. and M. Bradford Stein, Esq. – Ground Defendants' Liaison Counsel;
5. Beth Jacob Esq. – WTC 7 Ground Defendant's Liaison Counsel;
6. Beth E. Goldman, Esq., Sarah S. Normand, Esq. and Jeannette A. Vargas, Esq. – U.S. Attorney's Office; and
7. All Aviation Defendants

by emailing a copy of said papers to the attorneys in accordance with the Court's March 10, 2005 Order.

*Sarah R. Connelly*
Sarah R. Connelly

Sworn to before me this
13th day of November 2007

_____
Notary Public

MARIA PAGAN
Notary Public, State of New York
No. 01PA4670337
Qualified in Queens County
Commission Expires 10/31/2011

19